# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| SUNDANCE REHABILITATION, CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 04-3571-CV-S-FJG ) |
| NEW VISION CARE ASSOCIATES II, INC. | ) ) |
| Defendant. | ) ) |

## ORDER

Currently pending before the Court is defendant's Motion to Dismiss (Doc. # 5) and plaintiff's Motion for Leave to File a First Amended Complaint (Doc. # 30).

### I. BACKGROUND

SunDance provided therapy services for the residents and patients at Rocky Ridge nursing home. The services were provided in 2001 and 2002. Rocky Ridge then sought Medicare reimbursement for these services. SunDance argues that Rocky Ridge failed to pay SunDance the amounts that it was reimbursed from Medicare. On January 21, 2004, SunDance filed suit against Rocky Ridge and New Vision alleging breach of contract, quantum meruit and suit on account for failure to pay for the therapy services provided. This suit will be referred to as "SunDance I."

The parties entered into a settlement. SunDance agreed to dismiss New Vision because Rocky Ridge represented that New Vision had no involvement in the operation of the nursing home and rather New Vision's only connection was through its ownership and lease of the land and building. Based on these representations, SunDance agreed

to dismiss New Vision. The parties filed a Stipulation of Dismissal and a Joint Motion for Consent Judgment on June18, 2004. On July 21, 2004, the Court entered a Clerk's Order of Dismissal and dismissed New Vision with prejudice. On July 22, 2004, the Court entered a Consent Judgment in favor of SunDance and against defendant Rocky Ridge.

On August 2, 2004, Rocky Ridge requested that SunDance forebear enforcing its judgment for ninety days so that Rocky Ridge could restructure its debt and operations. SunDance agreed to forebear collecting on its debt only if Rocky Ridge made monthly payments of $2,500.00 for three months and Rocky Ridge would enter into good faith discussions to establish a payment plan after ninety days had expired. Rocky Ridge made three payments, however after three months had passed, Rocky Ridge announced that it had shut down its operations and would not make any more payments or engage in any payment plan discussions. SunDance alleges that after it shut down, its assets and value as an ongoing business operation were fraudulently transferred to New Vision without consideration. SunDance argues that New Vision siphoned off Rocky Ridge's assets and business operations without paying any consideration and left Rocky Ridge without any assets to pay its obligations. SunDance alleges that New Vision took over the business operations, operates the nursing home in the same location and uses the same business name. On December 22, 2004, after attempts to resolve the dispute failed, SunDance filed suit against New Vision alleging that New Vision was liable under the corporate continuation doctrine for operating the exact same business. SunDance also alleges that New Vision fraudulently transferred assets. This suit will be referred to as "SunDance II."

2

## II. STANDARD

Defendant New Vision has moved to dismiss SunDance's Complaint in the second suit pursuant to Fed.R.Civ.P. 12(b)(6). Alternatively, New Vision argues that if the Court considers matters outside the pleadings, it can convert the motion into one for Summary Judgment.

"A motion to dismiss for failure to state a claim should be granted when it appears 'the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Neher v. ebanker USA.COM, Inc., No. 04-711-CV-W-ODS, 2005 WL 1006417, *1 (W.D.Mo. Apr. 1, 2005) quoting Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993). In ruling on a motion to dismiss, the Court must limit its examination to the Complaint, exhibits attached to the Complaint and materials necessarily encompassed by the Complaint. If other items are provided, the Court must either ignore them or convert the Rule 12(b)(6) motion into a motion for summary judgment. Id.

SunDance states that the Federal Rules require an adequate period of discovery before a motion for summary judgment is granted and that SunDance has not had an opportunity to conduct any discovery, much less adequate discovery in this case. However, SunDance states that New Vision prematurely brought this Summary Judgment action and that based on the facts, admissions and documents submitted by New Vision, SunDance is entitled to summary judgment, even without any discovery.

At this early stage of the case, without any discovery having been conducted, the Court is unwilling to convert New Vision's Motion to Dismiss into a Motion for Summary Judgment. Therefore, the Court will limit its consideration to only those exhibits and items attached or encompassed by the Complaint.

3

## III. DISCUSSION

New Vision argues that SunDance's claim under the corporate continuation doctrine is really the same claim SunDance made in the first lawsuit and as thus it should be dismissed under the doctrines of Res Judicata, Collateral Estoppel and/or Single Split Action doctrine. New Vision argues that res judicata bars the action because the thing which is sued for in both actions is the payment of a debt which is owed to SunDance by Rocky Ridge. Secondly, the causes of action (corporate continuation) and breach of contract and quantum meruit are essentially identical because they are both based on the presumption that the two companies (New Vision and Rocky Ridge) are one and the same and/or related in a close enough manner that one should be held liable for the other. New Vision also argues that the identity of the parties in the two suits are the same, with the exception that Rocky Ridge is not a party to the second suit. New Vision also argues that the status of the parties in the two actions is also the same. New Vision argues that SunDance had the opportunity to litigate the issue of whether New Vision was liable for the debt in the first lawsuit. Whether New Vision was one and the same entity or so closely related that it could be held liable for Rocky Ridge's debt was exactly what SunDance would have had to prove in Sundance I in order for the Court to find New Vision liable. New Vision also argues that collateral estoppel and the single split action doctrine apply to prevent SunDance from bringing this action. New Vision also argues that SunDance II should be dismissed because Rocky Ridge did not fraudulently transfer its assets to New Vision.

In opposition, SunDance argues that res judicata and collateral estoppel do not

4

apply because New Vision's post-judgment fraudulent conduct and corporate continuation doctrine were not at issue in SunDance I. Based on facts admitted by New Vision, SunDance argues that it is entitled to summary judgment on its claims for relief. However, as previously indicated the Court will only rule on the Motion to Dismiss and will not convert this motion into one for Summary Judgment.

**A. Res Judicata**

"Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." Landscape Properties, Inc. v. Whisenhunt, 127 F.3d 678, 682 (8th Cir. 1997) quoting, Parklane Hoisery Co. Inc. v. Shore, 439 U.S. 322, 326 n.5 (1979). In Daley v. Marriott Intern., Inc., 415 F.3d 889 (8th Cir. 2005), the Court stated:

> under the same cause of action element of the doctrine of res judicata, whether a second lawsuit is precluded turns on whether its claims arise out of the same nucleus of operative facts as the prior claim. . . . Thus, we have said that [i]n the final analysis the test would seem to be whether the wrong for which redress is sought is the same in both actions.

Id. at 896 (internal citations and quotations omitted).

The Eighth Circuit has held:

> A claim will be held to be precluded by a prior lawsuit when: (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action.

Costner v. URS Consultants, Inc., 153 F.3d 667, 673 (8th Cir. 1998).

In the instant case, the second elements has been met. However, the first suit did not result in a final judgment on the merits, because the parties settled the case. Additionally, both suits do not involve the same parties because Rocky Ridge is not a

5

party to the second suit. Additionally, the Court finds that both suits are not based on the same claims. In SunDance I, plaintiff was suing for breach of contract, quantum meruit and suit on account for failure to pay for services. In SunDance II, plaintiff is suing under the Corporate Continuation Doctrine and for Fraudulent Transfer, for actions which occurred subsequent to the first suit. Plaintiff could not have sued for these actions in the first suit because they had not yet occurred. Therefore, the Court finds that doctrine of res judicata is not applicable.

### B. Collateral Estoppel

"Collateral Estoppel or issue preclusion 'means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'" Spagnolia v. Dakota Neurosurgical Associates, P.C., No. A1-03-87, 2003 WL 23101775, (D.N.D. Dec. 19, 2003) quoting Stoebner v. Parry, Murray, Ward & Moxley, 91 F.3d 1091, 1094 (8th Cir. 1996). In Popp Telcom v. American Sharecom, Inc., 210 F.3d 928 (8th Cir. 1999), the Court stated that "collateral estoppel, which is perhaps better understood as issue preclusion, does not apply in any case unless the disputed issue has actually been litigated and decided." Id. at 939. The Court noted that the Eighth Circuit best summarized the application of collateral estoppel in S.E.C. v. Ridenour, 913 F.2d 515, 518 (8th Cir. 1990):

> The doctrine of collateral estoppel applies only when the issue sought to be precluded is the *same* as that involved in the prior litigation, the *issue was actually litigated* and the party sought to be estopped was given a full and fair opportunity to be heard on the issue, and determination of the issue was essential to a valid and final judgment.

Id. at 939. "The doctrine is based on the contention that the judgment in a prior action

6

precludes the re-litigation of issues decided in the first action and necessary to its outcome." Popp, 210 F.3d at 939.

The Court finds that the doctrine of collateral estoppel has no application in the instant action. There were no issues that were actually litigated in the previous action. The parties settled the case and the Court entered a Consent Judgment. Thus, because no issues were determined in the instant case, collateral estoppel does not preclude the adjudication of any issues in SunDance II.

### C. Split Action Doctrine

The Court finds that the Split Action doctrine is also not applicable in the instant case as the Court has determined that there were two separate suits - the first action was for breach of contract, quantum meruit and suit on account for failure to pay. The second action is premised entirely on conduct which occurred after the first action had settled. Therefore, the Court finds that plaintiff did not improperly attempt to split its causes of action.

### D. Motion to File First Amended Complaint

Plaintiff has moved for leave to file a First Amended Complaint in order to join a related and necessary party, C.P. Care Associates, ("C.P."). Plaintiff states that C.P. is a related company to New Vision and is the current operator of the Rocky Ridge Manor nursing home. Plaintiff alleges that CP has taken over the business operations of Rocky Ridge Manor without paying consideration. For good cause shown and with no opposition indicated, plaintiff's Motion for Leave to File a First Amended Complaint is hereby **GRANTED** (Doc. # 30). Plaintiff shall file its First Amended Complaint within five

7

(5) days of the date of this Order.

## IV. CONCLUSION

For the reasons stated above, the Court hereby **DENIES** defendant's Motion to Dismiss (Doc. # 5) and **GRANTS** plaintiff's Motion for Leave to File a First Amended Complaint.


Date: September 29, 2005  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
United States District Judge